UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| John Raines and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund, Twin City Carpenters Pension Master Trust Fund; John Raines as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successors,<br><br>    Plaintiffs,<br><br>vs.<br><br>NorthStar Installations, L.L.C. and Kevin Kappes, individually,<br><br>    Defendants. | Civil File No. _____<br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, for their complaint against Defendants, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the Carpenters & Joiners Welfare Fund. The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

2. Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are also Trustees of the Twin City Carpenters Pension Master Trust Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section

1

302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 401(a).

3. Plaintiff John Raines, and any subsequently appointed successor, is also a Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to I.R.C. § 501(c)(3).

4. Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the respective Funds named herein as Plaintiffs, and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21).

5. Defendant NorthStar Installations, L.L.C. is a Minnesota business corporation and is engaged in the construction business with a registered address of 15554 Round Lake Boulevard, Andover, MN 55304. Defendant NorthStar Installations employs individuals as carpenters and is therefore an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

6. Defendant Kevin Kappes is also an individual and an owner/officer of NorthStar Installations, L.L.C. He has agreed to be personally bound to the Plaintiffs for the fringe benefit contribution obligations set forth in certain labor agreements. Defendant Kappes employs individuals and is an officer and/or owner of NorthStar Installations, and is therefore an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

7. This is an action by the Plaintiff Trustees of the respective employee benefit plans named herein, pursuant to ERISA §515, to collect unpaid fringe benefit contributions due per the terms of a collective bargaining agreement. Subject matter jurisdiction over this controversy,

2

therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

8. The trust funds for which the Plaintiffs are trustees, are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## COUNT I
### Audit Amount Due: April 2014 to December 2016

9. At all times material herein, Defendants, through their execution of an Independent Agreement, have agreed to be bound to the terms of a Collective Bargaining Agreement between the North Central States Regional Council of Carpenters, the Carpentry Contractors Association and the Minnesota Drywall and Plaster Association ("Local CBA"). The geographical jurisdiction of this contract includes the Twin Cities (Minneapolis and St. Paul) and outlying counties.

10. At all times material herein, Defendants also have agreed to be bound to the terms of the Agreement with the United Brotherhood of Carpenters and Joiners of America ("International CBA").  By execution of the International CBA, the employer agreed to recognize the jurisdictional claims of the Union and to comply with the contractual wages and fringe benefits established between the Union affiliates and the employer or recognized employer agencies in the localities in which the employer does any carpentry work within the jurisdiction of the Union.

11. The Local CBA and International CBA both require employers, such as Defendants, to make fringe benefit contributions to the Funds in accordance with their terms. These contributions must be made on behalf of all employees and individuals performing carpentry

work, in amounts set forth and agreed upon therein for each hour worked by each individual, for the purpose of funding employee benefits.

12. By signing on behalf of the corporation, Defendant Kevin Kappes agreed to be personally bound to the CBA and individually liable for the full and faithful performance of all the terms and provisions of the Local CBA and International CBA, including as to the payment of fringe benefit contributions required by the agreement(s).

13. Each month, Defendants are required to complete a report form identifying each of their employees, and each hour worked by that employee, during the month performing covered service. The report is required to be submitted with the payment for the amounts due not later than the 15th day of the following month. All fringe fund reports and contributions must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Plaintiff Trustees.

14. Plaintiffs' auditors performed an audit of Defendants' payroll and business records for the period of April 2014 through December 2016.

15. Pursuant to the audit, Plaintiffs discovered hours worked by employees governed by the applicable CBAs for which Defendants did not make fringe benefit contribution payments.

16. Defendants Northstar Installations LLC and Kevin Kappes have breached their obligations under the Local and International CBAs by failing to submit the monthly fringe fund contributions due and owing for the period of April 2014 through December 2016.

17. The total amount of fringe benefit contributions discovered to be owing to Plaintiffs from the audit is $16,626.45.

18. In addition to the fringe benefit contributions due, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26

U.S.C. § 6621, plus liquidated damages of 10% of delinquent contributions as provided for in the CBA and the Agreements and Declarations of Trust under which the trust fund for which Plaintiffs are Trustees is established.

19.     In this instance, Defendants are liable to Plaintiffs for an additional 10% of the fringe benefit contributions found to be due per the audit period of April 2014 through December 2016 in the amount of $1,662.65, as well as interest as prescribed by the plan documents.

20.     The Local and International CBAs, and the Agreements and Declarations of Trust under which the trust fund for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, entitles the Plaintiffs to their reasonable attorney fees and costs of this action.

21.     Defendants are liable for all unpaid fringe benefit contributions owed pursuant to the CBA and ERISA §515 for April 2014 through December 2016, together with liquidated damages, interest, and reasonable attorney's fees and costs as set forth in ERISA §502(g)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment, joint and several, of this Court against Defendants NorthStar Installations, L.L.C. and Kevin Kappes, individually, as follows:

1.     For a judgment in the total amount of $16,626.45 for delinquent fringe benefit contributions found to be due and owing pursuant to the audit for the period of April 2014 through December 2016, plus liquidated damages of $1,662.65, plus interest, attorney's fees, and costs and disbursements to be determined, pursuant to the applicable CBAs, Trust Agreements, and 29 U.S.C. § 1132(g)(2); and

2.     For such other and future relief as the Court deems proper.

Date:  January 5, 2018.　　　　　　　　**KUTAK ROCK, LLP**

　　　　　　　　　　　　　　　　　　BY: */s/ Bryan J. Morben*
　　　　　　　　　　　　　　　　　　　　Amanda R. Cefalu (#309436)
　　　　　　　　　　　　　　　　　　　　Bryan J. Morben (#396624)
　　　　　　　　　　　　　　　　　　　　60 S. 6th Street, Suite 3400
　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　　　　T: (612) 334-5000
　　　　　　　　　　　　　　　　　　　　F: (612) 334-5050
　　　　　　　　　　　　　　　　　　　　Amanda.Cefalu@KutakRock.com
　　　　　　　　　　　　　　　　　　　　Bryan.Morben@KutakRock.com

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*